The Honorable George Firestone Secretary of State
QUESTION:
What is the precise legal and administrative relationship between the Department of State and the Historic Preservation Boards created within the Department by ch. 266, F.S.?
SUMMARY:
The legal and administrative relationship between the Department of State, Secretary of State, and the Historic Preservation Boards of Trustees created within the Department of State under parts I, II, III, IV, VI, and VII of ch. 266, F.S., is as provided in ss. 266.410 and 266.507, F.S., which directs the Secretary of State to exercise budget review and approval authority over those boards and provide administrative guidance, service and support when required in the several boards' independent exercise of their powers, duties and functions as prescribed by law. Although the Historic Boca Raton Preservation Board of Commissioners is created within the Department of State by part V of ch. 266, F.S., that board is not subject to budget review and approval by the Secretary of State or the Department of State and neither has been given any statutory authority to approve, direct or execute any of the powers, duties or functions vested in that board of commissioners under part V of ch. 266, F.S.
You state in your letter that it is your opinion that the relationship between the Department of State and the Historic Preservation Boards created in ch. 266, F.S., has been unclear and confusing for a number of years. You also state that for the past 2 years, the Department of State has attempted to have the Legislature specifically define this relationship, but without success.
At the outset I must note that this office cannot clarify the existing `unclear and confusing' relationship or define or determine anything in this instance which has not been prescribed actually by the Legislature or statute.
Chapter 266, F.S., encompasses 7 distinct parts, each of which creates a certain historic preservation board or boards: Part I creates the Historic St. Augustine Preservation Board of Trustees; part II creates the Historic Pensacola Preservation Board of Trustees; part III creates the Historic Tallahassee Preservation Board of Trustees; part IV creates the Historic Key West Preservation Board of Trustees; part V creates the Historic Boca Raton Preservation Board of Commissioners; part VI creates the Historic Tampa-Hillsborough County Preservation Board of Trustees; part VII creates the Historic Broward County, Volusia County, and Flagler County Preservation Boards of Trustees. Each of these boards is created `within the Department of State.' See ss. 266.01, 266.101, 266.110, 266.201, 266.301, 266.401, and 266.501, F.S.
Section 266.410 provides that the Historic Tampa-Hillsborough County Preservation Board of Trustees as well as the historic preservation boards of trustees established for St. Augustine, Pensacola, Tallahassee and Key West:
 . . . shall exercise their powers, duties, and functions as prescribed by law, subject to budget review and approval by the Secretary of State. The boards of trustees shall not be placed within a division of the Department of State, but, administratively, shall be directly under the supervision of the Secretary of State. (Emphasis supplied.)
Likewise, s. 266.507, F.S., provides for the Historic Broward County Preservation Board of Trustees and the Historic Volusia County and Flagler County Preservation Boards of Trustees the same requirements above-mentioned in s. 266.410, F.S. Part V of ch. 266, creating the Historic Boca Raton Preservation Board of Commissioners, nowhere states that that board is subject to budget review and approval by the Secretary of State nor does it place the Boca Raton Board, administratively, under the direct supervision of the Secretary of State. Cf. s. 266.306(19), F.S., which authorizes the Boca Raton Board on a permissive basis to cooperate with and coordinate all of its activities through any statewide commission, including the Division of Archives, History and Records Management, and to participate in any overall statewide plan of historical development. I would note that ch. 79-212, Laws of Florida, provides budget allocations for all of the boards created by ch. 266, F.S., under the general heading of Secretary of State and Department of State and the Division of Cultural Affairs. See pp. 1060, 1063-1066, Volume 1, Part One, Laws of Florida, 1979.
Section 20.05(1)(a), F.S., provides that each head of a department of state government, such as the Secretary of State, shall:
 [p]lan, direct, coordinate, and execute the powers, duties, and functions vested in that department or vested in a division, bureau, or section of that department; powers and duties assigned or transferred to a division, bureau, or section of the department shall not be construed to be a limitation upon this authority and responsibility.
However, that provision appears to be inapplicable to the boards in question because each has been specifically excepted from being placed within a division in the Department of State, except the Boca Raton Board. See ss. 266.410, 266.507, F.S. Cf. s.20.04(3)(a)-(d), F.S., which defines the term `division' and its component parts. It is apparent from those definitions that, if a historic preservation board is not placed within a division of the Department of State, then such board is not a part of the internal structure of the Department of State. See also s. 20.10
(establishing the separate divisions of the Department of State). Moreover, the Department of State is given no power to approve or direct or execute any of the powers, duties, and functions vested in the St. Augustine, Pensacola, Tallahassee, Key West, Tampa-Hillsborough County, Broward County, Volusia County and Flagler County Boards by ss. 266.06, 266.106, 266.115, 266.206, 266.406 and 266.506, F.S., respectively. These boards are administratively under the supervision of the Secretary of State and subject to his budget review and approval, but, otherwise, exercise their powers, duties, and functions as prescribed by the aforecited sections and other appropriate provisions of ch. 266, F.S. Part V of ch. 266, does not subject the Boca Raton Board to budget review *3537 and approval by the Secretary of State or give any authority to approve or direct or execute any of the powers, duties and functions vested in that board by s. 266.306, F.S.
During the reorganization of state government in 1969, the St. Augustine and Pensacola Historic Preservation Boards were transferred to the Department of State by a type one transfer (see
s. 20.06, F.S.) by ch. 69-106, Laws of Florida. However, s. 266.410, F.S., brought into the statutes by s. 1, ch. 75-188, Laws of Florida, appears to be a qualification upon the Secretary of State's control over those boards insofar as it limits the power of the Secretary of State to `budget review and approval' and states that the boards `shall not be placed within a division of the Department of State, but, administratively, shall be directly under the supervision of the Secretary of State.' (Emphasis supplied.) The definition of `administrative' is discussed at 2 C.J.S. Administrative, pp. 79, 80, wherein it states that `[n]o precise and invariable definition of the word can be given. Its meaning depends upon . . . particular facts and circumstances . . . .' Among the definitions given for `administrative' is `pertaining to administration, particularly having the character of executive or ministerial action.' Id., at 79. Black's Law Dictionary 66 (Revised 4th ed. 1968), gives a definition for `administrative' as `pertain[ing] to administration, especially management, as by managing or conducting, directing, or superintending, the execution, application or conduct of persons or things.' The term `administratively' as used in the context of ss. 266.410 and 266.507, F.S., appears to have no relation to the various `powers of the board' sections found in ch. 266, F.S. `Administratively' appears to mean what `administrative' generally means, but only in connection with the budget review and approval powers of the Secretary of State, with particular regard to appropriations made by the Legislature in general appropriation statutes and in connection with any administrative guidance, service or support a historic preservation board may need in the exercise of its powers, duties and functions. It should be noted that the boards in question appear to qualify for application of the term `agency' as used in s. 216.011(1)(e), F.S., and would be subject to the provisions of ch. 216, F.S., in consideration of budgetary matters.
It appears, therefore, that the legal and administrative relationship between the Secretary of State's office and the Historic Preservation Boards of Trustees established under ch. 266, F.S., for St. Augustine, Pensacola, Tallahassee, Key West, Broward County, Tampa-Hillsborough County, and Volusia and Flagler Counties is as provided for by ss. 266.410 and 266.507. Thus, the above-mentioned boards independently exercise their powers, duties and functions as prescribed by law, but are for the purposes of general guidance, service, or support administratively assigned to the Secretary of State and subject to his budget review and approval authority.
The Legislature has not assigned any budget review or approval authority over the Historic Boca Raton Preservation Board of Commissioners to the Secretary of State or placed that board `administratively' under the direct supervision of the Secretary of State for such purposes. In the absence of statutory direction, the Boca Raton Board would seem to be a `commission' as defined by s. 20.03(10), F.S., exercising delegated legislative or quasi-legislative powers independently of the Secretary of State.
Parenthetically, I have been informed that the Boca Raton Board does not submit its budget requirements to the Legislature through the Secretary of State or Department of State nor does the Secretary of State in fact exercise any budget review or approval authority over the Boca Raton Board.
The Boca Raton Board has been delegated various legislative powers, such as the power of the state to contract, by its enabling statute, ch. 74-265, Laws of Florida, and the Secretary of State has been granted no express powers over this board by law. Cf. s. 266.306(19), F.S., which provides that the Boca Raton Board shall have the power to:
 cooperate and coordinate all of its activities on a permissive basis through any statewide commission, including the Division of Archives, History and Records Management . . . . (Emphasis supplied.)
See also s. 266.301, F.S., the last sentence of which requires the Boca Raton Board to base its `selection[s] . . . and operation[s]' upon `criteria of historical evaluation as established by the Division of Archives, History and Records Management of the Secretary of State.'
The Boca Raton Board is not subject to budget review or approval by the Secretary of State nor does the Secretary of State or Department of State exercise any authority, administrative or otherwise, over such board.
Prepared by: William D. Hall, Jr., Assistant Attorney General